Fremont-Smith, J.
This action arises out of a dispute between Madelene Comins and Kenneth Comins in the Massachusetts Probate Court. Kenneth and Madelene Comins agreed to settle their dispute by having Clo Corp. purchase the shares of Kenneth Comins’s daughter, Chloe Comins, and put the proceeds of the sale in trust. Accordingly, they entered into a “Stock Purchase Agreement” dated October 31, 1991, pursuant to which the defendant, Robert Sharkansky, would appraise the value of Clo Corporation, after which Clo Corp. would purchase Chloe’s shares and thereby settle the dispute and end the pending Probate Court litigation. This Agreement was approved by the Middlesex Probate Court on November 20, 1991. Defendant Sharkansky then proceeded to do the valuation, after which the shares were sold for the benefit of Chloe Comins, in accordance with the Agreement and Sharkansky’s valuation. Subsequently, Madelene Comins, as guardian of Chloe Com-ins, brought the present action against Sharkansky, alleging that he negligently failed to do the valuation according to generally accepted accounting principles, as specifically required by the Agreement.
Defendant’s Motion for Judgment on the Pleadings is premised on the contention that, because Sharkansky was to act as an appraiser pursuant to the Stock Purchase Agreement which was approved by the Probate Court, he is entitled to quasi-judicial immunity and is therefore not amenable to suit (absent fraud or collusion, which are not alleged). A review of the authorities cited by defendant in his memoranda filed with the Court, however, provides no support for this proposition.
On the contrary, in Cambridge Street Metal Co., Inc. v. Corrao, 10 Mass.App.Ct. 150 (1991), the Court rejected the contention that the decision of an appraiser was, in effect, a binding arbitration which was immune from legal challenge. The Court held, at 156, that such a contention “misses the central point that this is an appraisal, not an arbitration, that the parties defined the subject of the submission and that the accountant was not free to depart from that definition.” Although the parties in Corrao, like the parties to the Stock Purchase Agreement here, had agreed that the valuation by the company’s accountant was to be binding and conclusive on the parties, the Court nevertheless required the judgment to be modified to reflect the application of generally accepted accounting principles.
However, although the defendant’s contention of quasi-judicial immunity must be rejected, this Court views it as fundamentally unfair to allow the plaintiff (who, as admitted at the hearing, accepted the benefit of Sharkansky’s valuation for purposes of her dispute with Mr. Comins and who raised no question in the Probate Court as to whether the Stock Purchase Agreement had been properly carried out) to subsequently seek to hold Sharkansky personally liable for any additional sum which she contends should have resulted from an appraisal performed in accordance with generally accepted accounting principles. If the appraisal was improper, as alleged in the complaint, it was still Mr. Comins’s obligation, not Sharkansky’s, to pay any additional amount which would have resulted from a proper application of accepted accounting principles. Having failed to seek modification of the appraisal or enforcement of the Agreement with Kenneth Comins according to its terms in the Probate Court, but instead having accepted the benefit of Sharkansky’s appraisal, the plaintiff acquiesced in the valuation and waived any objections she may have had to the method employed by Sharkansky in arriving at his appraisal pursuant to the Stock Option Agreement. See White & others v. Clapp, 49 Mass. 365, 370-71 (1844); Uccello v. Gold’n Foods, Inc., 325 Mass. 319, 327-28, 330 (1950).
ORDER
Accordingly, treating defendant’s motion as one for summary judgment (see Mass.R.Civ.P. 12(c)), the defendant’s motion is allowed and judgment is hereby entered for the defendant.